J. A30043/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DENNIS LAMONT CORBETT, | : | No. 1701 WDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, October 5, 2016,
in the Court of Common Pleas of Blair County
Criminal Division at Nos. CP-07-CR-0000980-2009,
CP-07-CR-0002792-2008, CP-07-CR-0002804-2008

BEFORE:  BOWES, J., STABILE, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        FILED:  February 16, 2018

Dennis Lamont Corbett appeals ***pro se*** from the order filed in the Court

of Common Pleas of Blair County that dismissed his petition filed pursuant to

the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Because

we agree with the PCRA court that appellant's facially untimely petition failed

to establish a statutory exception to the one-year jurisdictional time limit for

filing a petition under the PCRA, we affirm.

The PCRA court set forth the following factual and procedural history:

> At CR 2792-2008, [a]ppellant entered a
> ***nolo contendere*** plea on July 6, 2009 and received
> a state sentence of 4 to 8 years for Possession of
> Firearm Prohibited (18 Pa.C.S.A. § 6105(a)(1), a
> felony of the 2nd degree) and a concurrent sentence
> of 3½ to 7 years for Firearms Not To Be Carried
> Without A License (18 Pa.C.S.A. § 6106(a)(1), a

felony of the 3rd degree). Trial counsel was Attorney J. Kirk Kling. There was no direct appeal filed.

[A]ppellant entered a guilty plea and was sentenced on October 13, 2009 by the Honorable Jolene Grubb Kopriva as follows: At CR 2804-2008, to serve concurrent state sentences of 5 to 10 years for Criminal Conspiracy (object crime PWID); PWID (Heroin) and PWID (Ecstasy).[1] [A]ppellant was also assessed $200 fines for both Escape and Fleeing or Eluding a Police Officer.[2] At CR 980-2009, [a]ppellant received a concurrent 5 to 10[-]year sentence for Criminal Conspiracy (object crime PWID) and a 10[-]year consecutive probationary period for PWID (Heroin). His trial counsel was Attorney Douglas J. Keating. [A]ppellant was afforded any and all appropriate credit for time served and was found not be [sic] RRRI eligible. Upon appeal, the Superior Court of Pennsylvania affirmed the judgment of sentence in its decision filed April 19, 2011.

[A]ppellant filed his original *pro se* PCRA Petition on June 18, 20[1]5. His claims included generally, that he pled *nolo contendere* under duress; that mandatory minimum sentences were imposed for the firearm convictions and that such constituted an illegal sentence in light of the United States Supreme Court decision in *Alleyne v. U.S.*, 133 S.Ct[.] 2151; and that he was rendered ineffective assistance of counsel by both Attorney Kling and Attorney Keating.

. . . .

On March 1, 2016, the Commonwealth filed a Motion to Dismiss Petitioner's PCRA Petition, asserting, *inter alia*, that [appellant's] PCRA Petition was untimely and that none of the exceptions set forth in 42 Pa.C.S.A. § 9545 were applicable. Therefore, the Commonwealth argued that this court lacked

---

[1] 18 Pa.C.S.A. § 903(a)(1) and 35 P.S. § 780-113(a)(30), respectively.

[2] 18 Pa.C.S.A. § 5121(a) and 75 Pa.C.S.A. 3733(a), respectively.

J. A30043/17

jurisdiction to address to [sic] PCRA Petition/Amended Petition on its merits. Further, the Commonwealth asserted that even if the court had jurisdiction, [appellant] failed to state a cognizable claim as he was not entitled to a retroactive application of **Alleyne**.

. . . .

On March 8, 2016, Attorney Puskar filed an Amended PCRA Petition, citing **Commonwealth v. Hopkins**, [117 A.3d 247 (Pa. 2015),] in support of the argument that the mandatory minimum sentences imposed were unconstitutional (specifically 42 Pa.C.S.A. § 9712.1) and that the PCRA Petition was filed within sixty (60) days of learning of the **Hopkins** decision.

On March 18, 2016, Attorney Puskar filed a Motion to Withdraw as Counsel. . . .[3]

. . . .

. . . . Due to Attorney Gieg's late appointment, [the PCRA court] continued the hearing originally scheduled June 2, 2016 relative to the Commonwealth's Motion to Dismiss the PCRA Petition. That hearing was eventually held October 4, 2016. [Appellant] appeared via video conferencing. That same date, [the PCRA court] entered an order granting the Commonwealth's motion, dismissing the PCRA Petition/Amended Petition as being untimely filed. In [its] order, [the PCRA court] specifically found that [appellant] was not entitled to retroactive relief under **Alleyne**, based upon the Pennsylvania Supreme Court decision in **Commonwealth v. Terrance Washington**, [142 A.3d 810 (Pa. 2016)].

On November 7, 2016, [appellant] filed a **pro se** Notice of Appeal of this court's order of October 4, 2016. On December 6, 2016, [the PCRA court] entered a Rule 1925(b) Order, directing

---

[3] The PCRA court granted the motion and appointed Attorney Matthew P. Gieg ("Attorney Gieg") as substitute PCRA counsel.

- 3 -

> [a]ppellant to file his Concise Statement of the Errors Complained of on Appeal within twenty (21) days after filing and service of the order.

PCRA court opinion, 3/1/17 at 1-4 (emphasis omitted from ¶¶ 1-2).

The Rule 1925(b) order was sent to the assistant district attorney, appellant, and Attorney Gieg. By letter dated November 14, 2016, the trial court advised Attorney Gieg that appellant had filed a ***pro se*** notice of appeal and suggested that Attorney Gieg file a formal motion to withdraw as counsel along with a ***Turner***/***Finley***[4] letter if Attorney Gieg believed the appeal was meritless. Attorney Gieg served the petition on the trial court on December 28, 2016, and it was filed on January 3, 2017. The PCRA court granted the petition on February 28, 2017. It was filed on March 10, 2017.

No Rule 1925(b) statement was filed within 21 days of the December 6, 2016 order. On December 22, 2016, appellant applied for leave to stay and abeyance of Rule 1925(b) statement and all other matters on the basis that cases pending in this court and the Pennsylvania Supreme Court would address questions of law directly pertaining to the issues at hand. The PCRA court received the motion on December 29, 2016. This court denied the motion on January 5, 2017.

Despite the fact that there was no Rule 1925(b) statement filed, the PCRA filed a Rule 1925(a) opinion on March 1, 2017. The opinion was

---

[4] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988).

forwarded to this court and filed on March 14, 2017. In a letter dated February 28, 2017, and addressed to the deputy prothonotary of this court in Pittsburgh, the PCRA court stated that appellant had not filed his concise statement of errors complained of on appeal.

Appellant received a copy of the letter to this court. He then petitioned the PCRA court to reissue the order requesting a statement of matters complained of on appeal. By letter dated March 23, 2017, the PCRA court informed appellant that the PCRA court no longer had jurisdiction over the matter.

While appellant did not file a Rule 1925(b) statement, Attorney Gieg still represented appellant during the period to timely file the statement. If this court determined that Attorney Gieg was **per se** ineffective, it could remand for the filing of a statement **nunc pro tunc** and a filing of an opinion by the PCRA court pursuant to Pa.R.A.P. 1925(c)(3). However, that is not necessary here as appellant has not requested that and the PCRA court issued an opinion which provides this court with sufficient information to address any claim not specifically addressed in that opinion. This court also declines to find waiver[5] for failure to file the Rule 1925(b) statement given that Attorney Gieg still represented appellant during the relevant period. **See Commonwealth v. Oliver**, 128 A.3d 1275 (Pa.Super. 2015) (this court addressed appeal of denial

---

[5] Under Rule 1925(b)(4)(vii) of the Pennsylvania Rules of Appellate Procedure, issues not raised in the Rule 1925(b) statement are waived.

of PCRA petition where no 1925(b) statement was filed, and the appellant's attorney withdrew representation during the course of time to file 1925(b) statement).

Appellant raises the following issues for our review:

I.   Did the [PCRA] Court err in denying the Post Conviction Relief Act Petition without a hearing by misapprehending the retrospective application in **Commonwealth v. Hopkins**, 117 A.3d 247 (2015)[,] when it's [sic] paradigm, **Alleyne v. United States**, 133 S.Ct. 2151 (2013), created a "substantive rule," which "the Constitution requires State Collateral Review Courts to give retroactive effect to that rule?"

II.  Did the [PCRA] Court err in denying the Post Conviction Relief Act Petition without a hearing when [appellant] filed the instant Post Conviction Relief Act Petition timely by filing within sixty (60) days of learning of the Supreme Court of Pennsylvania's decision in **Commonwealth v. Hopkins**, 117 A.3d 247 ([Pa] 2015)?

III. Did the [PCRA] Court err in denying the Post Conviction Relief Act Petition without a hearing when [appellant] contends that through the Court's inherent power, the PCRA Court always retains jurisdiction to correct his patently unconstitutional, and therefore illegal sentence?

Appellant's brief at 4.

The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Furthermore, a petitioner is not entitled to a PCRA

hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings.

*Commonwealth v. Johnson*, 945 A.2d 185, 188 (Pa.Super. 2008), *appeal denied*, 956 A.2d 433 (Pa. 2008), quoting *Commonwealth v. Taylor*, 933 A.2d 1035, 1040 (Pa.Super. 2007) (citations omitted).

Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 575 Pa. 500, 508, 837 A.2d 1157, 1161 (2003). The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Bretz*, 830 A.2d 1273, 1275 (Pa.Super. 2003); *Commonwealth v. Vega*, 754 A.2d 714, 717 (Pa.Super. 2000). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

*Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super. 2010).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and prove:

(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
> >
> > 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." *Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000); 42 Pa.C.S.A. § 9545(b)(2).

*Id.* at 1079-1080.

The Pennsylvania Supreme Court has held that the PCRA's time restriction is constitutionally sound. *Commonwealth v. Cruz*, 852 A.2d 287, 292 (Pa. 2004). In addition, our supreme court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over the petition. *Commonwealth v. Callahan*, 101 A.3d 118, 120-121 (Pa.Super. 2014) (courts do not have jurisdiction over an untimely PCRA); *see also Commonwealth v. Wharton*, 886 A.2d 1120 (Pa. 2005).

With respect to docket number CP-07-CR-0002792-2008, appellant entered a plea of **nolo contendere** on July 6, 2009, and was sentenced the same day. The sentencing order was not filed until July 20, 2009. Appellant did not file a direct appeal, rendering the judgment of sentence as final on August 19, 2009. As he did not petition for post-conviction relief until June 18, 2015, the current petition was clearly untimely. In order for the PCRA court to properly consider the current petition, appellant must establish that he meets one of the three exceptions to the one-year requirement.

Further, this court affirmed appellant's judgment of sentence on April 19, 2011 for docket numbers CP-07-CR-0002804-2008 and CP-07-CR-0000980-2009. Appellant had 30 days to appeal to the Pennsylvania Supreme Court for discretionary review or until May 19, 2011. He did not appeal. In order to timely file a PCRA petition, appellant had to file his petition within one year of May 19, 2011. The current petition was not filed until June 18, 2015, which was clearly untimely. In order for the PCRA court to consider the current petition, appellant must establish that he meets one of the three exceptions to the one-year requirement.

Before this court, appellant initially contends that the PCRA court erred when it denied his petition without a hearing by misapprehending the retrospective application in **Hopkins** when **Alleyne** created a substantive rule that the PCRA court must apply retroactively.

In **Hopkins**, the Supreme Court of Pennsylvania held on a direct appeal from a judgment of sentence under 18 Pa.C.S.A. § 6317, relating to selling drugs in close proximity to a school, that the statute was unconstitutional under **Alleyne**. The Pennsylvania Supreme Court held that numerous sections constituted mandatory minimum sentencing and were constitutionally infirm while the remaining sections could not be severed from the unconstitutional portion. **Hopkins**, 117 A.3d at 262.

In contrast to **Hopkins**, in **Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016), a case involving collateral review of mandatory minimum sentences under **Alleyne**, the Pennsylvania Supreme Court determined, "We hold that **Alleyne** does not apply retroactively to cases pending on collateral review, and that Appellant's judgment of sentence, therefore, is not illegal on account of **Alleyne**." **Washington**, 142 A.3d at 820.

Appellant states that he must be afforded the constitutional right of retroactive application of **Alleyne** because the new rule announced is substantive and applies retroactively on collateral review. However, the Pennsylvania Supreme Court emphatically held that the opposite was true. To the extent appellant is attempting to employ the constitutional right exception to the timeliness requirements of the PCRA, this attempt must fail.

Appellant next contends that the PCRA court erred when it denied his PCRA petition when appellant filed the petition within 60 days of learning of **Hopkins** so that the petition met the requirements of the unknown facts

exception to the timeliness requirement. Appellant argues that the newly discovered fact is not the precedential case law of **Hopkins** but the principles of the statute becoming null and void based upon the standards set in **Alleyne**.

However, the Pennsylvania Supreme Court held in **Commonwealth v. Watts**, 23 A.3d 980, 987 (Pa. 2011), "that subsequent decisional law does not amount to a new "fact" under Section 9545(b)(1)(ii) of the PCRA." To the extent appellant claims that he met the exception because he filed his facially untimely petition within 60 days of the decision in **Hopkins**, this claim is without merit. Further, as previously stated, appellant raises the argument that under **Alleyne** all mandatory minimum statutes with a proof at sentencing provision are **void ab initio** even for purposes of collateral review. This assessment of the law runs contrary to the Pennsylvania Supreme Court's decision in **Washington**.

Appellant next contends that the PCRA court erred when it denied his petition without a hearing where the court always retains jurisdiction to correct an illegal sentence.

To the extent appellant is arguing that his sentence is illegal, this claim does not allow him to skirt the timeliness requirement. "[E]ven claims that a sentence was illegal, an issue deemed incapable of being waived, are not beyond the jurisdictional time restrictions." **Commonwealth v. Grafton**, 928 A.2d 1112, 1114 (Pa.Super. 2007), citing **Fahy**, 737 A.2d 214 (Pa. 1999);

***Commonwealth v. Beck***, 848 A.2d 987 (Pa.Super. 2004). Therefore, appellant's illegal sentencing claim does not operate as an independent exception to the PCRA's jurisdictional time-bar.

In conclusion, the trial court did not abuse its discretion when it determined that it lacked jurisdiction to hear appellant's untimely PCRA petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/16/2018